UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
____

DESHAWN GRISWOLD,

    Petitioner,    Case No. 2:22-cv-239

v.    Hon. Hala Y. Jarbou

CATHERINE BAUMAN,

    Respondent.
_____/

## OPINION

  This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (stating that the district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436–37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court will enter an order dismissing habeas grounds III and IV for failure to exhaust available state court remedies and staying these proceedings with regard to habeas grounds I and II. The Court will hold this matter in abeyance pending Petitioner's exhaustion of state court remedies with regard to habeas grounds III and IV and his timely return to this Court in accordance with the terms of the Court's order.

**Discussion**

I. **Factual allegations**

Petitioner DeShawn Griswold is incarcerated with the Michigan Department of Corrections (MDOC) at the Alger Correctional Facility (LMF) in Munising, Alger County, Michigan. On December 12, 2019, following a two-day jury trial in the Kalamazoo County Circuit Court, Petitioner was convicted of possession of a controlled substance analogue, in violation of Mich. Comp. Laws § 333.7403, unlawful driving away of an automobile, in violation of Mich. Comp. Laws § 750.413, and possession with intent to deliver methamphetamine, in violation of Mich. Comp. Laws § 333.7401. On February 3, 2020, the court sentenced Petitioner as a fourth habitual offender, Mich. Comp. Laws § 769.12, to imprisonment for terms of 1 to 15 years for UDAA and possession of a controlled substance analogue, and 9 to 40 years for possession with intent to deliver methamphetamine.[1]

Petitioner initiated this action on December 27, 2022, by filing a request that the Court stay these proceedings and hold them in abeyance. (ECF No. 1). By order entered on January 5, 2023, the Court directed Petitioner to file an amended petition using the Court-approved form. (ECF No. 5.) In response, Petitioner filed his an amended habeas corpus petition raising at least four grounds for relief. Two of the grounds are identified as such in the section of the form petition designated for that purpose:

---

[1] Petitioner is also serving another sentence for possession with intent to deliver methamphetamine imposed by the Kalamazoo County Circuit Court following Petitioner's guilty plea to that offense in Case No. 19-002245-FH. *See* MDOC Offender Tracking Information System, https://mdocweb.state.mi.us/otis2/otis2profile.aspx?mdocNumber=576624 (last visited Mar. 20, 2023). That sentence is consecutive to the sentences Petitioner is challenging by way of the present amended petition.

2

    I.    Constitutional right to due process of law, U.S. Const. Am. XIV; Const. 1963, Section 17, was violated when the evidence of possession of a controlled substance with intent to deliver was legally insufficient to convict [Petitioner] of that offense at trial.

    II.    The trial court reversibly erred when it permitted the prosecution to introduce photos of the drugs alongside the envelopes addressed to Mr. Griswold which were cumulative, psychologically misleading to the jury and prejudicial and should have been excluded under MRE 403.

(Am. Pet., ECF No.8, PageID.25, 27.) But, construing the petition liberally, it appears that Petitioner intends to raise additional issues, including the following:

    III.    Retained appellate counsel rendered constitutionally ineffective assistance, (*Id*, PageID.21, 24, 25, 28);

    IV.    Trial counsel rendered constitutional ineffective assistance because counsel failed to move to suppress the evidence seized from the SUV, failed to investigate, locate, and call as a material witness, Brian Trudeau, and failed to obtain expert DNA and fingerprint testing of the seized evidence to support Petitioner's defense. (*Id*., PageID.24, 25, 26, 27, 28).

Petitioner raised habeas grounds I and II on direct appeal. (Pet'r's Appeal Br., ECF No. 8, PageID.38, 40–67, 74.) Petitioner does not state that he raised habeas grounds III or IV in the Michigan courts. (Am. Pet., ECF No. 8, PageID.21–22.)

## II. Exhaustion of State Court Remedies

Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *O'Sullivan*, at 844, 848; *see also Picard v. Connor*, 404 U.S. 270, 275–77 (1971); *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Anderson v. Harless*, 459 U.S. 4, 6 (1982). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal

3

claims to all levels of the state appellate system, including the state's highest court. *O'Sullivan*, 526 U.S. at 845; *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). The district court can and must raise the exhaustion issue *sua sponte* when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen*, 424 F.2d at 138–39.

Petitioner bears the burden of showing exhaustion. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). Petitioner alleges that he raised habeas grounds I and II in the Michigan Court of Appeals. He attaches his appeal brief in support of that allegation. Petitioner claims he was never provided a copy of his application for leave to appeal filed in the Michigan Supreme Court. But the same counsel that filed Petitioner's Michigan Court of Appeals brief filed his Michigan Supreme Court application for leave to appeal. It stands to reason that counsel raised habeas grounds I and II in the Michigan Supreme Court as well. Review of Petitioner's appeal brief discloses that Petitioner did not raise habeas grounds III and IV in the Michigan Court of Appeals. Thus, it is apparent from the petition and supporting materials that Petitioner has failed to exhaust his state court remedies with regard to those habeas grounds. Moreover, it stands to reason that Petitioner did not raise those grounds in the Michigan Supreme Court either.

An applicant has not exhausted available state remedies if he has the right under state law to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c). Petitioner has at least one available procedure by which to raise the issues he has presented in this application. He may file a motion for relief from judgment under Mich. Ct. R. 6.500 *et seq.* Under Michigan law, one such motion may be filed after August 1, 1995. Mich. Ct. R. 6.502(G)(1). Petitioner has not

4

yet filed his one allotted motion. Therefore, the Court concludes that he has at least one available state remedy.

To properly exhaust his claim, Petitioner must file a motion for relief from judgment in the Kalamazoo County Circuit Court raising his ineffective assistance of trial and appellate counsel claims. If his motion is denied by the circuit court, Petitioner must appeal that decision to the Michigan Court of Appeals and the Michigan Supreme Court. *O'Sullivan*, 526 U.S. at 845; *Hafley,* 902 F.2d at 483 (stating that "'petitioner cannot be deemed to have exhausted his state court remedies as required by 28 U.S.C. § 2254(b) and (c) as to any issue, unless he has presented that issue both to the Michigan Court of Appeals and to the Michigan Supreme Court'" (citation omitted)).

Because Petitioner has some claims that are exhausted and some that are not, his petition is "mixed." Under *Rose v. Lundy*, 455 U.S. 509, 522 (1982), district courts are directed to dismiss mixed petitions without prejudice in order to allow petitioners to return to state court to exhaust remedies. However, since the habeas statute was amended to impose a one-year statute of limitations on habeas claims, *see* 28 U.S.C. § 2244(d)(1), dismissal without prejudice often effectively precludes future federal habeas review. This is particularly true after the Supreme Court ruled in *Duncan v. Walker*, 533 U.S. 167, 181–82 (2001), that the limitations period is not tolled during the pendency of a federal habeas petition.

To prevent undue prejudice from accruing to petitioners whose mixed petitions are dismissed, the Sixth Circuit adopted a stay-and-abeyance procedure. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). In *Palmer*, the Sixth Circuit held that when the dismissal of a mixed petition could jeopardize the timeliness of a subsequent petition, the district court should dismiss only the unexhausted claims and stay further proceedings on the remaining portion until the

5

petitioner has exhausted his claims in the state court. *Id.*; *see also Rhines v. Weber*, 544 U.S. 269, 277 (2007) (approving stay-and-abeyance procedure); *Griffin v. Rogers*, 308 F.3d 647, 652 n.1 (6th Cir. 2002).

Petitioner's application is subject to the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1). Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The Michigan Supreme Court denied Petitioner's application for leave to appeal by order entered January 31, 2022. *People v. Griswold*, 969 N.W.2d 47 (Mich. 2022). Petitioner did not petition for certiorari to the United States Supreme Court, though the ninety-day period in which he could have sought review in the United States Supreme Court is counted under § 2244(d)(1)(A). *See Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The ninety-day period expired on May 1, 2022. Accordingly, absent tolling, Petitioner would have one year, until May 1, 2023**,** in which to file his habeas petition. Petitioner filed the instant action on December 27, 2022, 125 days before expiration of the limitations period.

The running of the statute of limitations is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). The statute of limitations is tolled from the filing of an application for state post-conviction or other collateral relief until a decision is issued by the state supreme court. *Lawrence v. Florida*, 549 U.S. 327 (2007). The statute is not tolled during the time that a Petitioner petitions for writ of certiorari in the United States Supreme Court. *Id.* at 332.

The period of limitation has continued to run since December 27, 2022. By the time Petitioner filed his amended petition, only 95 days remained. Fewer than 60 days remain as of the date of this opinion. While Petitioner's request for collateral review is pending, the time will not

6

count against him. But, until he files his motion and after the Michigan Supreme Court rules on his application for leave to appeal to that court, the statute of limitations will run. The *Palmer* Court has indicated that thirty days is a reasonable amount of time for a petitioner to file a motion for post-conviction relief in state court, and another thirty days is a reasonable amount of time for a petitioner to return to federal court after he has exhausted his state-court remedies. *Palmer*, 276 F.3d at 781. *See also Griffin*, 308 F.3d at 653 (holding that sixty days amounts to a mandatory period of equitable tolling under *Palmer*).

In the instant case, Petitioner has less than sixty days remaining before the statute of limitations expires. Petitioner therefore would not have the necessary 30 days to file a motion for post-conviction relief and the additional 30 days to return to this court before expiration of the statute of limitations. As a result, were the Court to dismiss the petition without prejudice for lack of exhaustion, the dismissal could jeopardize the timeliness of any subsequent petition. *Palmer*, 276 F.3d at 781.

The Supreme Court has held, however, that the type of stay-and-abeyance procedure set forth in *Palmer* should be available only in limited circumstances because over-expansive use of the procedure would thwart the AEDPA's goals of achieving finality and encouraging petitioners to first exhaust all of their claims in the state courts. *See Rhines v. Weber*, 544 U.S. 269, 277 (2005). In its discretion, a district court contemplating stay and abeyance should stay the mixed petition pending prompt exhaustion of state remedies if there is "good cause" for the petitioner's failure to exhaust, if the petitioner's unexhausted claims are not "plainly meritless" and if there is no indication that the petitioner engaged in "intentionally dilatory litigation tactics." *Id.* at 278. Moreover, under *Rhines*, if the district court determines that a stay is inappropriate, it must allow the petitioner the opportunity to delete the unexhausted claims from his petition, especially in

circumstances in which dismissal of the entire petition without prejudice would "unreasonably impair the petitioner's right to obtain federal relief." *Id.*

The Court concludes that Petitioner's initial and amended petition suffice to show: (1) good cause for his failure to exhaust before filing his habeas petition; (2) that his unexhausted claims do not appear to be plainly meritless; and (3) that he has not engaged in intentionally dilatory litigation tactics. *See Rhines*, 544 U.S. at 277–78. Accordingly, the Court will enter an order dismissing habeas grounds III and IV for failure to exhaust available state court remedies and staying these proceedings with regard to habeas grounds I and II. The Court will hold this matter in abeyance pending Petitioner's exhaustion of state court remedies with regard to habeas grounds III and IV and his timely return to this Court in accordance with the terms of the Court's order.

Dated: March 22, 2023                                /s/ Hala Y. Jarbou
                                                     HALA Y. JARBOU
                                                     CHIEF UNITED STATES DISTRICT JUDGE